Deere, Mansur & Company, Respondents, v. Hucht & Fierling, Appellants.

| 32 | 153 |
| 41 | 651 |

### Kansas City Court of Appeals, October 29, 1888.

Practice : FAILURE TO FILE TRANSCRIPT : AFFIRMANCE OF JUDGMENT : CASE ADJUDGED. The statute governing appeals to the appellate courts of this state (R. S., sec. 3717) provides that all appeals taken thirty days before the first day of the next term of said appellate court shall be returnable to such next term ; and that all appeals taken in less than thirty days before said term shall be returnable to the second term thereafter. It also provides that appellant shall cause to be filed in the clerk's office of said courts, at least fifteen days before the term to which the appeal is returnable, a transcript of the record, etc. *Held* that the appeal in this case was taken on the fourth of February, 1888, the March term of this court began on March 5, 1888, and the appeal was returnable to the March term, 1888, of this court. *Held* further, that for failure to file transcript, as required by the statute, the judgment of the trial court ( upon motion ) be affirmed.

*Appeal from Vernon Circuit Court.*—Hon. D. P. Stratton, Judge.

Motion to affirm judgment for failure to file transcript sustained and judgment affirmed.

*Gage, Ladd & Small*, for the motion.

The record shows that the appeal was allowed February 4, 1888. The first day of the next term of this court was March 5, 1888. This year is a leap-year. The transcript was filed September 10, 1888. The motion to affirm is based upon the ground that the transcript was not filed at least fifteen days before the March term of this court. A brief has been filed here on behalf of the appellants in which it is claimed that this appeal was returnable to the October term. The language of the statute is : "Sec. 3717. All appeals taken thirty days before the first day of the next term of the supreme court, or the St. Louis court of appeals, or the Kansas

City court of appeals, shall be returnable in such next term, and all appeals taken in less than thirty days before the first day of such next term, shall be returnable in the second term thereafter. The appellant shall cause to be filed in the office of the clerk of the supreme court, or St. Louis court of appeals, or Kansas City court of appeals, at least fifteen days before the term of such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the cause." Sess. Acts, 1885, p. 217. It has been held that a notice served on September 19, to take depositions on the twenty-second day of the same month, was sufficient. *Littleton v. Christy's Adm'r*, 11 Mo. 393. The statute governing this case provided that the notice "shall be served at least three days before the day of taking the depositions." R. S., 1845, p. 417. Where a mechanic's lien was filed February 25, and notice of the claim given to the owner on February 15, it was held sufficient. *Hahn v. Dierkes*, 37 Mo. 575. The statute, which in this case was the subject of construction, provided: "Every person, except the original contractor, who may wish to avail himself of the benefit of this act, shall give ten days notice before the filing of the lien, as required by this act, to the owner, owners or agent, or either of them, that he or they hold a claim against such building or improvement, setting forth the amount, and from whom the same was due." Sess. Acts, 1856-7, p. 670. On May 24, 1878, an appeal was taken from the judgment of a justice of the peace. The next term of the circuit court was the first Monday of June, which was the third day of the month. The law provided that: "All appeals allowed ten days before the first day of the term of the appellate court, next after the appeal allowed, shall be determined at such term unless continued for cause." The court decided that "this appeal was allowed ten days before the June term," and demonstrated it by a method of computation, which will commend itself to the learned counsel for the appellants. *Bailey v. Lubke*, 8 Mo. App. 57. The appellants seek to extract some comfort from the case of

*State v. Caldwell*, 21 Mo. App. 645. It is true that the court remarked in that case that February 13 was the last day for filing ; and because February 13 was sixteen days before the first day of the next term of court ; the correct method of computation is asserted by counsel to be the one which excludes both the first and last day, or, in other words, that fifteen days shall intervene between the day of the allowance of the appeal and the first day of the next term of the court. But it has, evidently, been overlooked that in the *Caldwell case*, the thirteenth day of February fell on a Saturday, and as the office of the clerk of the court is not open on Sunday, and Monday would have been clearly too late, it followed that in order to ·be in time ( at least fifteen days before the first day of the next term ), it must have been filed on Saturday the thirteenth. In this case the indulgence of the court would be misplaced, and wholly undeserved. The record shows that this transcript was certified by the clerk of the circuit court and was ready for delivery to the appellants on June 5, 1888. In July, 1888, this court made an order that all cases on file on the twentieth of August should be docketed for hearing at the present term of this court. The transcript was withheld from the filing here from June 5, until September 10, with the result to prevent a hearing at the present term. The appeal has not been prosecuted with due diligence.

*Kimball & January*, against the motion.

(1) A transcript filed in the office of the clerk of the court of appeals on the thirteenth day of February, 1886 (which is not a leap-year), is filed at least, and only fifteen days before the first day of March in the same year. *State v. Caldwell*, 21 Mo. App. 645. (2) A writ of error applied for on the second day of October is within twenty days next preceding October 22. *Taylor v. McKnight*, 1 Mo. 120. (3) The appeal in this case was allowed February 4, 1888. The March term of this court began on the fifth day of March. The transcript was filed in this court September 10, more than

fifteen days before the October term of this court. Respondents seek to have the judgment affirmed because the transcript was not filed at least fifteen days before the March term. At the time the appeal was taken we thought, and are still of the opinion, that it was returnable to the October and not the March term of this court. Section 3717, Revised Statutes, 1879 (Amended Sess. Acts 1883, p. 122), provides that "all appeals taken thirty days before the first day of the next term, etc., shall be returnable in such next term." Also, "The appellant shall cause to be filed, etc., at least fifteen days before the term of such court a perfect transcript," etc. At least fifteen days means not less than fifteen days, and if a transcript is filed less than fifteen days before, it certainly is not filed fifteen days before. This clause of the statute under consideration has received a construction by the St. Louis court of appeals, in *State v. Caldwell*, 21 Mo. App. 645. In that case the appeal was returnable to the March term, 1886, of the court of appeals, and the first Monday in March in that year was the first day of March, and the court ruled that February 13 was the last day for filing the transcript. February in that year had twenty-eight days only, to which add the first day of March and we have twenty-nine days, from which deduct thirteen, and the difference is sixteen days. If the transcript had been filed on the fourteenth of February it would not have been filed fifteen days before the first day of the term of the appellate court. (4) Applying that ruling to the present case. There is no difference between the expressions, "at least," and "not less," and "thirty days before," etc., because "thirty days before," is both "at least" and "not less" than thirty days before. The appeal in this case was taken on the fourth day of February, 1888. The first day of the March term of this court fell on the fifth day of March. February this year has twenty-nine days, to which add the five days of March, and we have thirty-four days, from which deduct the four days of February and the result

is thirty days. Therefore, if under the ruling in the case cited, February 13 was the last day for filing the transcript, the appeal in the present case must have been taken on February 3, in order to be returnable to the March term of this court. Likewise, the supreme court of the state in the case cited (1 Mo. 120), held that a writ of error applied for on the second day of October was "within twenty days next preceding October 22," and hence the writ was returnable to the second term thereafter. If we subtract two from twenty-two we have twenty left. "Within twenty days" means the same as the expression, "less than twenty days." If October 2 is within twenty days of October 22, then February 4 is within thirty days of March 5, 1888, and if that be true the appeal in this case was not taken thirty days before the March term of this court and was hence returnable to the October term. We do not know that this court has ever had occasion to construe the statute in question, and if not, we think we are justified in acting on the authority of the cases cited, and that the motion to affirm ought to be overruled.

RAMSAY, J.—The record shows that the appeal was allowed February 4, 1888. The first day of the next term of this court was March 5. This year is a leap-year. The transcript was filed September 10, 1888. The motion to affirm is based upon the ground that the transcript was not filed at least fifteen days before the March term of this court. Counsel for appellants contend that the appeal was returnable to the October term, and not to the March term, 1888. The language of the statute governing appeals to the supreme court and courts of appeals in this state is : "Section 3717. All appeals taken thirty days before the first day of the next term of the supreme court, or the St. Louis court of appeals, or the Kansas City court of appeals, shall be returnable to such next term, and all appeals taken in

term, shall be returnable to the second term thereafter. The appellant shall cause to be filed in the office of the clerk of the supreme court, or St. Louis court of appeals, or Kansas City court of appeals, at least fifteen days before the term of such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the cause." Sess. Acts, 1885, p. 217.

If we omit the fourth day of February—the day the appeal was taken—and count from the fifth of February to the fifth of March, inclusive, it will be seen that the appeal was taken exactly *thirty days* before the first day of the March term. Section 3126, Revised Statutes, 1879, among other things, provides that : "The time within which an act is to be done shall be computed by excluding the first day and including the last." Or, if we adopt the rule stated by Judge BATES, in *State ex rel. v. Gasconade Co. Court*, 33 Mo. 102, in these words : "In the computation of time it is laid down, generally, that where the computation is to be made from an act done the day when such act was done is included," we should count the fourth day of February. In the case just cited the ordinance required that the oath should be filed in the office of the county court *at least five days before* the day of election. The oath was filed October 30, and the day of the election was November 4, following, and it was held to have been filed five days before the election. To adopt either method of computation we have the same result. An appeal taken on the fourth day of February, 1888, under the statute, was returnable to the March term, 1888, of this court.

The motion is, therefore, sustained and the judgment is affirmed. All concur.