City of St. Louis at the relation and to the use of W. J. Powell, Respondent, v. John Bambrick *et al.*, Appellants.

St. Louis Court of Appeals, October 28, 1890.

Practice, Appellate: RETURN TERM.   In the computation of time, in order to determine to what term of this court an appeal thereto is returnable, the day on which the appeal was taken is to be excluded and the first day of the next succeeding term of this court is to be included, and the appeal is returnable to such next succeeding term, if, on such computation, it was taken exactly thirty days before the first day of that term.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

AFFIRMED.

ROMBAUER, P. J.—The plaintiff produces the certificate of the clerk of the circuit court of St. Louis county, from which it appears that, on December 10, 1889, a judgment was rendered in his favor by said court, and that, on February 1, 1890, an appeal was granted to the defendant to this court. The plaintiff asks for an affirmance of this judgment because no transcript of the record, nor in lieu thereof a certified copy of the record entry, was filed in this court fifteen days before the first day of the March term, 1890, as required by section 2253 of the Revised Statutes of 1889.

. The appellant's counsel resists the motion on two grounds : *First.* That the' appeal being taken February 1, 1890, and the first day of the March term of this court falling on March 3, 1890, the appeal was not returnable to the March term but to the October term ; and, *next,* that he was guilty of no negligence in prosecuting the appeal, because the signing and filing of the bill of exceptions was delayed by the conduct of plaintiff's counsel in not returning to him the bill of exceptions, until it was too late to file a transcript thereof fifteen days before the beginning of the March term, 1890. On the question of fact thus raised, affidavits in opposition to the motion and in support thereof have been filed, which we have carefully examined, arriving at the result that the appellant has failed to show good cause against the affirmance as far as the same depends on questions of fact. Unless, therefore, the appeal under the conceded facts was returnable to the October term, 1890, the plaintiff's motion to affirm must prevail.

The statute provides : "All appeals taken thirty days before the first day of the next term of the

supreme court or either of the courts of appeals shall be returnable to such next term, and all appeals taken less than thirty days before the first day of such next term shall be returnable to the second term thereafter." R. S. 1889, sec. 2252.

The defendant's counsel contends that the use of the word *before* contemplates appeals which are taken more than thirty days before the first day of the term, and that, in the computation of the time, both the day on which the appeal is taken, and the first day of the next term of the appellate court, should be excluded. On the other hand the plaintiff's counsel contends that there is nothing in the phraseology of the section, which would take its provisions out of the general rule stated in *State ex rel. v. Gasconade County Court*, 33 Mo. 102 ; that in the computation of time, where the computation is to be made from an act done, the day, when such such act was done, is to be included. We conclude that the latter view is the correct one. It is evident that, if the word "*before*" referred to appeals taken more than thirty days before the return term, the word *less*, used in the statute *a fortiori* means exactly what it says, and the section would make no provisions whatever for appeals, where the intervening space is exactly thirty days.

The statute referring to the construction of laws provides :  " The time within which an act is to be done shall be computed by excluding the first day and including the last ; if the last day be Sunday it shall be excluded." R. S. 1889, sec. 6570. We are of opinion that this statute is intended to furnish a general rule, plain and comprehensible, for the computation of the time mentioned in all statutes, unless the terms used therein make such construction inadmissible.

As the rule hereinabove stated is the only sound one, it would meet our approval even in the absence of an express decision on the subject, but we may add

that the Kansas City Court of Appeals in the case of *Deere, Mansur & Co. v. Hucht,* 32 Mo. App. 153, which is identical in its features with the case before us, arrived at the same result. As it is important, that on questions of practice, equally applicable to all appellate courts, the rule adopted by all such courts in the same state should be uniform, that fact furnishes an additional reason for adhering to the rule hereinabove stated.

It results from the foregoing that the plaintiff's motion must prevail, and with the concurrence of all the judges the judgment of the trial court is hereby affirmed.