**Richard PUTNAM, Appellant,**

v.

**STIX, BAER & FULLER, Respondent.**

**No. 57751.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 28, 1990.

Robert Gerard Kister, Festus, for appellant.

John J. Johnson, Jr., St. Louis, for respondent.

CRIST, Judge.

Workers' compensation case. Employee appeals an order of the Labor and Industrial Relations Commission finding employee had filed his claim late. We affirm the Commission's decision.

Employee was injured on August 12, 1983. Employee filed his claim for compensation on August 13, 1985. The Commission found employee filed his claim out of time and therefore waived any rights he may have had under Chapter 287, RSMo 1981. Employee appeals claiming (1) his claim was timely filed because under Rule 44.01(a) time began to run on August 13, 1983, the day after the injury and two years from August 13, 1983 is August 13, 1985; therefore, his claim was timely filed; and (2) the three-year statute of limitation provided for in § 287.430, RSMo 1981, applies because employer did not file a report of the injury as required by § 287.380, RSMo 1981; therefore, his claim was timely filed.

Section 287.430, RSMo 1981 states in part:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed within the division within two years after the date of injury ... provided, however, that if the report of the injury ... is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury....

Section 287.380, RSMo 1981, provides in part:

Every employer ... shall within ten days after knowledge of an accident resulting in personal injury to any employee, which causes loss of work time of more than three days ... shall within one month from the date of the filing of the original notification of the injury, file with the division ... a full and complete report of every injury ... to any employee for which employer would be liable....

(The language "which causes a loss of work time of more than three days" was effective January 1, 1981 through its repeal on September 28, 1983.)

 Rule 44.01(a) states in part:

In computing any period of time prescribed ... the day of the event ... after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included....

We agree as to the counting of time from August 13, 1983, but even so employee was one day late. By express language of Rule 44.01(a), the last day of the period is to be computed in computing time. Thus, August 13, 1983, was the first day; August 12, 1984, was the 365 day or the end of the first year. August 13, 1984, was the 366 day or the first day of the second year; August 12, 1985, was the 730 day or the last day of· the second year. *See In re Marriage of Keltner*, 718 S.W.2d 666, 667 (Mo.App.1986); *Bowling v. Webb Gas Company, Inc. of Lebanon*, 505 S.W.2d 39, 41–42 [1–2] (Mo.1974). Employee's claim was filed one day late. Point denied.

 Even so, employee asserts the three-year statute of limitation found in § 287.430, RSMo 1981, applies because employer failed to file a report of the injury as required by § 287.380, RSMo 1981. Section 287.380 only requires an employer to file a report "[w]hich causes a loss of work time of more than three days ... within one month from the date of the filing of the original notification of injury...." However, this section would not apply since employee did not lose three days work time until more than two years after the August 12, 1983, injury. Point denied.

The Commission was not clearly erroneous in finding employee failed to file his claim for compensation within the two-year statute of limitation. Judgment affirmed.

GARY G. GAERTNER, P.J., and REINHARD, J., concur.