923 F.Supp. 146 (1996)
Richard VANKEMPEN, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 4:95-CV-1131 CAS.
United States District Court, E.D. Missouri, Eastern Division.
April 11, 1996.
*147 Steven K. Brown, St. Louis, MO, for Richard Vankempen.
Thomas A. Mickes, Robert J. Tomaso, Peper and Martin, St. Louis, MO, for McDonnell Douglas Corporation.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant's motion to dismiss Count III of plaintiff's Amended Complaint for lack of subject matter jurisdiction. Plaintiff opposes the motion.
In the Amended Complaint, plaintiff asserts claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (Count I), the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. (Count II), and the Missouri Human Rights Act (MHRA), Chapter 213, Revised Statutes of Missouri (Count III). In Count III, plaintiff asserts that defendant wrongfully terminated his employment based on plaintiff's age.
Standard of Review. The standards applied to a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are the same as those applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir.1980). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in a light most favorable to the plaintiff. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir.1994); Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Coleman, 40 F.3d at 258; Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir.1993).
Discussion. Defendant moves to dismiss Count III on the grounds that plaintiff's MHRA claim is untimely, and as a result, this Court lacks jurisdiction over the claim. Defendant states that plaintiff was discharged from employment on January 24, 1992, and the two-year statute of limitations applicable to MHRA actions[1] would have expired but for defendant's agreement to extend the time for plaintiff to file his MHRA claim until July 1, 1995. Plaintiff filed his original complaint including an MHRA claim on June 23, 1995, but did not receive a right-to-sue letter from the Missouri Commission on Human Rights (MCHR) until October 3, 1995. Plaintiff filed the Amended Complaint on November 2, 1995.
Defendant contends that (i) receipt of a notice of right to sue is a jurisdictional prerequisite to the maintenance of a civil action for violation of the MHRA, citing R.S.Mo. § 213.111 (1994); Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir.1994); and Roberts v. Panhandle Eastern Pipeline Co., 763 F.Supp. 1043, 1049 (W.D.Mo.1991); (ii) consequently, this Court lacked jurisdiction over plaintiff's MHRA claim as originally filed; (iii) plaintiff's MHRA claim was time barred at the time the Amended Complaint was filed; and (iv) the Amended Complaint *148 cannot relate back to the time of filing the original complaint to cure the jurisdictional defect.
In response, plaintiff argues that (i) no federal or state court has held that a right-to-sue letter from the MCHR is a jurisdictional prerequisite to filing an action under the MHRA; (ii) R.S.Mo. § 213.111(1) does not state that receipt of a right-to-sue letter is a jurisdictional prerequisite, and the statute should be liberally construed; (iii) under the comparable provision of Title VII of the Civil Rights Act of 1964, a notice of right to sue from the EEOC is not a jurisdictional prerequisite; and (iv) the Hill and Roberts decisions held only that the 180-day time limitation for filing a MCHR administrative charge is a jurisdictional prerequisite.
The Court agrees with plaintiff. The language of the applicable statute does not establish that receipt of a notice of right to sue is a jurisdictional prerequisite to a civil action. Section 213.111 provides that a person must receive a notice of right to sue from the MCHR before he or she may bring a civil action based on an alleged discriminatory act, but does not make that requirement jurisdictional:
If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice, the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his right to bring a civil action within ninety days of such notice against the respondent named in the complaint.
R.S.Mo. § 213.111(1). As a remedial statute, § 213.111 is to be liberally construed. See Midstate Oil Co., Inc. v. Missouri Comm'n on Human Rights, 679 S.W.2d 842, 847 (Mo. banc 1984) (construing precursor statute to MHRA); AT & T Information Systems, Inc. v. Wallemann, 827 S.W.2d 217, 224 (Mo.App. W.D.1992).
Plaintiff is correct that no federal or Missouri case has held that receipt of a right-to-sue letter is a jurisdictional prerequisite to filing an MHRA action. Defendant relies on Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir.1994), in which the Eighth Circuit stated, "Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." While this statement confirms that receipt of a right-to-sue letter is a prerequisite to a civil action, it does not establish that receipt of a right-to-sue letter is a jurisdictional prerequisite. Further, the legal character of the requirement that a plaintiff obtain a right-to-sue letter was not at issue in Tart, which concerned whether a litigated charge was "like or reasonably related to" an administrative charge of discrimination. See id. at pp. 671-73.
Nor was the legal character of the requirement that a plaintiff obtain a right-to-sue letter at issue in Roberts v. Panhandle Eastern Pipeline Co., 763 F.Supp. 1043 (W.D.Mo. 1991), also cited by defendant. The central inquiry in Roberts concerned whether the plaintiff had filed her administrative charge with the MCHR within the time required by statute. The Court stated in dicta,
[A] person must receive a right to sue letter from the MCHR before she may bring a civil action based on an alleged discriminatory act.
`Because a plaintiff must file a complaint with the MCHR within 180 days of the discriminatory act in order to receive a right to sue letter and because a plaintiff must receive a right to sue letter in order to file a civil action, plaintiff's compliance with the 180 day time limit is a prerequisite to the maintenance of a civil employment discrimination action.' See Walker v. St. Anthony's Medical Center, 881 F.2d 554 (8th Cir.1989) (construing a similar federal statute of limitations).
Roberts, 763 F.Supp. at 1048-49.
In Walker v. St. Anthony's, cited in Roberts, the Eighth Circuit analyzed the comparable requirement under Title VII[2] that a plaintiff file a charge of discrimination within *149 180 days from the date of the alleged unlawful employment practice.[3] The Eighth Circuit stated,
Compliance with this time requirement is ordinarily a prerequisite to the maintenance of a civil employment discrimination action in federal court. However, the timely filing of a charge with the EEOC is not a jurisdictional requirement and is subject to waiver, estoppel and equitable tolling.
Walker, 881 F.2d at 557 (citations omitted). Thus, the Western District's citation to Walker in the Roberts case indicates the Western District considered receipt of a notice of right to sue a prerequisite to suit, but not a jurisdictional prerequisite.
This Court's decision in Tanurchis v. James River Paper Co., Inc., No. 4:95-CV-495 CAS, 1995 WL 862969 (E.D.Mo. May 1, 1995) also addressed whether the plaintiff had timely filed his administrative charge with the MCHR. The Court stated in dicta that receipt of a notice of right to sue is a prerequisite to filing a civil action, but did not state that such receipt is a jurisdictional prerequisite. Compare Daffron v. McDonnell Douglas Corp., 874 S.W.2d 482, 485 (Mo. App.E.D.1994) (same).
As plaintiff notes, decisions under federal discrimination laws are authoritative under the MHRA as well as federal law, where the Missouri Supreme Court has not spoken on an issue. Tart, 31 F.3d at 671 (quoting Lane v. Ground Round, Inc., 775 F.Supp. 1219, 1224 (E.D.Mo.1991)); Keeney v. Hereford Concrete Products, Inc., 911 S.W.2d 622, 624 (Mo. banc 1995); Midstate Oil, 679 S.W.2d at 846. Courts may look to Title VII principles for guidance when addressing statutory issues under the MHRA. See Lenhardt v. Basic Inst. of Technology, Inc., 55 F.3d 377, 380 (8th Cir.1995).
The Title VII counterpart to the "right-to-sue" provision of R.S.Mo. § 213.111 is found in 42 U.S.C. § 2000e-5(f)(1), which states in pertinent part that if a civil action has not been commenced by the EEOC within 180 days after a charge of discrimination was filed, "the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...."
The federal Courts of Appeal have uniformly interpreted this section to mean that a right-to-sue letter is a condition precedent to the filing of a Title VII action, as opposed to a jurisdictional prerequisite, and is curable after the action has been commenced. See Jones v. American State Bank, 857 F.2d 494, 499 (8th Cir.1988); Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir.1984); Williams v. Washington Metropolitan Area Transit Auth., 721 F.2d 1412, 1418 n. 12 (D.C.Cir.1983); Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1525 (11th Cir.1983); Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1094 (4th Cir.1982); Pinkard v. Pullman-Standard; a Division of Pullman, Inc., 678 F.2d 1211, 1215 (5th Cir.1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983).
Based on the federal authority interpreting the comparable Title VII provision, the Court concludes that receipt of a notice of right to sue is a condition precedent to filing an MHRA civil action, which may be cured after the action has begun. Further, because plaintiff's action was on file when he received the right-to-sue letter, he meets the MHRA requirement that suit be filed within ninety days after receipt of notice of right to sue.
The only remaining question is whether plaintiff's Amended Complaint, which was filed after the statute of limitations had expired, relates back to the date the original complaint was filed. The Court concludes relation back of the amendment is appropriate under Federal Rule of Civil Procedure 15(c)(2).[4]
*150 Rule 15(c)(2) allows the relation back of a claim that "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Thus, if the original pleading gives fair notice of the factual situation from which the claim or defense arises, an amendment which merely makes more specific what has already been alleged, or corrects a technical deficiency, will relate back even if the statute of limitations has run in the interim. See 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure §§ 1496-97 (2d ed. 1990); Jeremy C. Moore et al., Moore's Federal Practice ¶ 15.15 (2d ed. 1995).
In this case, plaintiff's original complaint included an MHRA age discrimination claim. The only change plaintiff made in the Amended Complaint was to state that he had received notice of right to sue from the MCHR. Defendant was on notice of the facts underlying plaintiff's MHRA claim at the time this action was originally filed, and cannot assert any prejudice as a result of the amendment. Consequently, relation back is appropriate.
Conclusion. For the foregoing reasons, the Court concludes it has jurisdiction over Count III of plaintiff's Amended Complaint, and defendant's motion to dismiss Count III should be denied.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss Count III of plaintiff's Amended Complaint is DENIED.
NOTES
[1] See R.S.Mo. § 213.111.1 (1994).
[2] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended.
[3] See 42 U.S.C. § 2000e-5(e).
[4] Defendant argues that relation back is inappropriate under Missouri procedural rules. However, federal courts apply the Federal Rules of Civil Procedure to matters of procedure when considering non-federal questions, whether in a diversity action or as here when a state claim is heard under supplemental jurisdiction. Sayre v. Musicland Group, Inc., a Subsidiary of American Can Co., 850 F.2d 350, 352 (8th Cir.1988); Bank of St. Louis v. Morrissey, 597 F.2d 1131, 1134-35 (8th Cir.1979).