**STATE ex rel. DIRECTOR OF REVENUE, STATE OF MISSOURI, Relator,**

v.

**The Honorable Lucy D. RAUCH, Judge of the Circuit Court, St. Charles County, Missouri, 11th Judicial Circuit, Respondent.**

**No. 73983.**

Missouri Court of Appeals, Eastern District, Writ Division Two.

July 14, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Relator.

Mary Elizabeth Ott, Law Offices of Mary Elizabeth Ott, Clayton, for Respondent.

SIMON, Judge.

Director of Revenue, relator, seeks a writ of prohibition against the Honorable Lucy D. Rauch, respondent, to prohibit her from proceeding in *Carolyn A. Stoneman v. Director of Revenue, State of Missouri,* CV197–0898CC, pending in the circuit court of St. Charles County, in which action relator seeks to prevent judicial proceedings because the trial court did not have jurisdiction in the matter. On April 1, 1998, we issued our preliminary order in prohibition. We now make that writ of prohibition absolute.

On December 17, 1996, Sergeant Don Hood arrested Carolyn A. Stoneman, petitioner, in St. Louis County for driving while intoxicated. A breath analysis test indicated petitioner had a blood alcohol content (BAC) of .202%. Since her BAC was .10% or higher, Sergeant Hood issued petitioner a "Notice of Suspension/Revocation of Your Driving Privilege" (the notice) pursuant to Section 302.520, RSMo Supp.1997 (All future references will be to RSMo 1994 unless otherwise noted), which provides in pertinent part:

1. Whenever the chemical test results are available to the law enforcement officer while the arrested person is still in custody, and where the results show an alcohol concentration of ten-hundredths of one percent or more by weight of alcohol in such person's blood ..., the officer, acting on behalf of the department, shall serve the notice of suspension or revocation personally on the arrested person.

2. When the law enforcement officer serves the notice of suspension or revocation, the officer shall take possession of any driver's license issued by this state which is held by the person. When the officer takes possession of a valid driver's license issued by this state, the officer, acting on behalf of the department, shall issue a temporary permit which is valid for fifteen days after its date of issuance and shall also give the person arrested a notice which shall inform the person of all rights and responsibilities pursuant to sections 302.500 to 302.540. The notice shall be in such form so that the arrested person may sign the original as evidence of receipt thereof. Signing the hearing request form and mailing such request to the department shall constitute a formal application for hearing.

The record reflects that the notice contained a box with the statement "I ACKNOWLEDGE RECEIPT OF THIS NOTICE FROM THE ARRESTING OF-

FICER Sgt. Don Hood # 88" and an arrow pointing to the next box, which contained the phrase "SIGNATURE OF PERSON ARRESTED" and the signature of Carolyn A. Stoneman. The notice further provided:

### RIGHTS AND RESPONSIBILITIES

Your driving privilege will be suspended or revoked 15 days from the date this notice is issued, unless you have requested a hearing as outlined below. (See date notice issued on front)

### A. REQUEST FOR HEARING

1. A written request must be received by, or postmarked to, the Department of Revenue, Driver's License Bureau, P.O. Box 3700, Jefferson City, MO 65105–3700, within 15 days from the date this notice is issued (See date issued on front).

2. If your Missouri driver's license has not been previously surrendered to the arresting officer or the Drivers License Bureau, you must surrender it within 15 days of this notice. If your driver's license has been lost, destroyed, or stolen and you are not currently suspended/revoked for any reason, you must apply for a duplicate license and surrender the driving receipt with your hearing request. If you ARE currently suspended or revoked and your license has been "LOST, DESTROYED, OR STOLEN," you must submit a notarized affidavit of lost, destroyed, or stolen license with your hearing request within 15 days of this notice or your request for a hearing will be denied.

3. A temporary permit will be automatically mailed to you if you are otherwise eligible to drive in Missouri. The permit will allow you to drive during the administrative hearing process.

4. Your failure to properly request a hearing within 15 days from the date this notice is issued prevents you from further administrative or judicial review.

* * *

### C. APPEAL

1. If you are aggrieved by the hearing decision, you may petition the circuit court

in the county where the arrest occurred for a trial de novo.

2. A petition for a trial de novo must be filed within 15 days after the date the hearing decision is mailed to you by certified mail.

3. You may not appeal to the circuit court if you failed to properly request a hearing or if you failed to complete the administrative hearing process.

ANY SUSPENSION OR REVOCATION ACTION TAKEN IN ACCORDANCE WITH SECTIONS 302.500—302.540, RSMO., IS INDEPENDENT OF ANY CRIMINAL CHARGE ARISING FROM THE SAME ARREST.

On January 6, 1997, petitioner mailed her request for an administrative hearing. On January 9, 1997, relator mailed a notice to petitioner denying her request for an administrative hearing because it was not filed within fifteen days of the date the notice was issued. On February 11, 1997, petitioner, a resident of St. Charles County, mailed her petition for review of license revocation to the Circuit Court of St. Charles County where it was filed on February 13, 1997. On March 22, 1997, relator filed a motion to dismiss, asserting: (1) petitioner had failed to timely file her request for an administrative hearing; (2) her petition failed to state a claim; (3) it was untimely filed; and (4) it was filed in the wrong county. On January 27, 1998, respondent entered an order finding that relator had not proven that petitioner's hearing request was untimely, and ordered relator to grant petitioner an administrative hearing. Relator filed an application for a preliminary writ of prohibition against respondent. On April 1, 1998, we entered a preliminary order in prohibition against respondent and asked the parties to submit briefs on the matter.

In his sole point on appeal, relator contends that respondent exceeded her jurisdic-

tion in ordering relator to grant an administrative hearing to petitioner because she lacked subject matter jurisdiction in that the petitioner failed to exhaust her administrative remedies by failing to timely file her request for a hearing and failed to timely file her petition for review.

On behalf of respondent, petitioner contends that her petition for review was timely because the notice of revocation was mailed on January 9, 1997, and if three days were added for mailing pursuant to Section 302.515 and Rule 44.01(e), her petition for review was timely filed because her petition for review was postmarked on February 11, 1997, and received on February 13, 1997.

■ Petitioner correctly asserts that *Pelloquin v. Director of Revenue, State of Mo.*, 894 S.W.2d 235, 236 (Mo.App.1995) has extended the time for filing an appeal with the Department of Revenue in certain circumstances, but it has no application to the filing of a petition with the circuit court. Section 536.110.2; *Pelloquin*, 894 S.W.2d at 237. The three day extension applies to civil actions, not to reviews of administrative decisions. *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.1993).

Section 302.311 provides:
In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMO., for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

Section 536.110.2 provides that "the thirty-day period ... shall run from the date of [hand] delivery or mailing of notice of the agency's decision ..." *Pelloquin*, 894 S.W.2d at 236. Petitions for review must be filed within thirty (30) days of mailing of notice. *Ramey*, 865 S.W.2d at 443 (citing Section 536.110.2).

■ Filing the petition for review out of time deprives the circuit court of jurisdiction. *Id.* When the court lacks subject matter jurisdiction, the court can do nothing more than exercise its inherent power to dismiss. *Id.*; see also Rule 55.27(g)(3). Subject matter jurisdiction cannot be agreed to or waived, and any action a court without jurisdiction takes is null and void. *Pelloquin*, 894 S.W.2d at 236.

■ This petition was not timely filed. Relator mailed a letter to petitioner on January 9, 1997, denying her hearing request because it was untimely and notifying her that her driving privileges were revoked on January 1, 1997. The last day to file a petition for review with the Circuit Court was on February 8, 1997, and petitioner filed her petition for review with the circuit court on February 13, 1997. Therefore, the court did not have subject matter jurisdiction to review the revocation of petitioner's license and our preliminary writ of prohibition is made permenant. Due to our disposition of this point, we need not address Relator's other point.

PRELIMINARY WRIT OF PROHIBITION IS MADE PERMANENT.

GRIMM, P.J. and CRANE, J., concur.