**Bobbie MORRIS, Appellant,**

v.

**KARL BISSINGER, INC., Respondent.**

**No. ED 91202.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 25, 2008.

Deborah J. Alessi, St. Charles, MO, for appellant.

Bridget L. Halquist, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

*Introduction*

Bobbie Morris appeals the judgment of the Circuit Court of the City of St. Louis

dismissing her action under the Missouri Human Rights Act on the grounds that her petition was not timely filed. We reverse and remand.

## Background

On July 9, 2007, Ms. Morris filed a complaint with the Missouri Commission on Human Rights ("MCHR") alleging that Karl Bissinger, Inc., her former employer, had discriminated and retaliated against her in violation of the Missouri Human Rights Act. Subsequently, the MCHR issued Ms. Morris a right-to-sue letter dated October 1, 2007. Pursuant to Mo.Rev.Stat. § 213.111.1 (2000), the letter notified Ms. Morris that "any action brought in court under this section shall be filed within ninety days from the date" of the letter.

Ms. Morris filed suit against Bissinger on Monday, December 31, 2007, ninety-one days from the date of the right-to-sue letter. Bissinger filed a motion to dismiss, alleging that Ms. Morris failed to file her petition within ninety days as required by Section 213.111.1. The trial court granted the motion to dismiss on the grounds that Ms. Morris' petition was untimely. Ms. Morris appeals.

## Standard of Review

■■■ We review a grant of a motion to dismiss *de novo*. *D.A.N. Joint Venture v. Clark*, 218 S.W.3d 455, 457 (Mo.App. W.D. 2006). In our review, we test the adequacy of the plaintiff's petition and assume all of plaintiff's averments are true. *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993). For questions of law, we apply our own independent judgment and give no deference to the trial court's determination. *Langdon v. United Restaurants, Inc.*, 105 S.W.3d 882, 886 (Mo.App. W.D.2003).

## Discussion

■ Ms. Morris argues that the trial erred in finding that her petition was not timely filed within the ninety-day limitation period provided by Section 213.111.1. Specifically, Ms. Morris contends that the trial court failed to apply either Rule 44.01(a) or Mo.Rev.Stat. § 1.040 when computing the time to file her claim.

First, Ms. Morris claims that when computing the time to file an action under the Missouri Human Rights Act, the trial court must apply Rule 44.01(a). The Missouri Human Rights Act provides that "the [MCHR] shall issue to the person claiming to be aggrieved a letter indicating his or her *right to bring a civil action* within ninety days of such notice against the respondent named in the complaint." Mo. Rev.Stat. § 213.111.1 (emphasis added). Rule 44.01(a) states in part:

> In computing any period of time prescribed ... by any applicable statute ... [t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Missouri Supreme Court Rule 44.01(a).

In this case, the ninetieth day following the date of issuance of the right-to-sue notice was December 30, 2007, a Sunday. Therefore, pursuant to Rule 44.01(a), December 30th is not included in computing the time for Ms. Morris to file her claim, and she timely filed her petition on Monday, December 31, 2007.

In arguing that Rule 44.01(a) is inapplicable, Bissinger principally relies on *Hammond v. Municipal Correction Institute*, 117 S.W.3d 130 (Mo.App. W.D.2003). In *Hammond*, the court determined that Rule 44.01(e), which adds three days to any prescribed period of time for which a party is required to act upon receiving notice by mail, did not apply to a right-to-

sue notice. *Id.* at 139. In support of its determination, the court reasoned that: (1) the Missouri Rules of Civil Procedure only apply to civil actions "pending" in a trial or appellate court, and (2) Rule 44.01 is not applicable to right-to-sue notices because the Missouri Rules of Civil Procedure do not apply to proceedings in administrative agencies. *Id.*[1] Even assuming *arguendo,* that *Hammond* properly analyzed the application of Rule 44.01(e), our Supreme Court has long-held that "the applicable provisions of Rule 44.01(a) should be construed as applying to statutory limitation periods within which suits must be filed, as well as to procedures occurring after suit is filed." *Bowling v. Webb Gas Co., Inc. of Lebanon,* 505 S.W.2d 39, 42 (Mo.1974).[2] In words equally applicable here, the Supreme Court articulated its rationale:

> Our construction of the rule will result in a uniform procedure for computation of time and tend to accomplish the general purpose for Sundays and holidays, i.e., the general suspension of work and labor. * * * We think it should also be noted that a construction contrary to the one we have reached would, for all practical purposes, result in reducing the statutory limitation period.

*Id.*

In contrast to *Hammond* and consistent with *Bowling,* the U.S. District Court for the Eastern District of Missouri, ad-dressed the issue before us in *Waldermeyer v. ITT Consumer Financial Corp.,* 767 F.Supp. 989, 991–92 (E.D.Mo.1991). In *Waldermeyer,* the defendant argued, as here, that Rule 44.01(a) did not apply to civil actions filed under the Missouri Human Rights Act. *Id.* at 992. Analyzing Missouri law, the district court held otherwise, concluding that both Rule 44.01(a) as well as Section 1.040 govern the computation of time with respect to civil actions alleging violations of the Missouri Human Rights Act. *Id.* Although we agree with Bissinger that federal law is persuasive rather than binding, we conclude that *Waldermeyer,* which expressly decided the issue before us, tracked applicable Missouri law and reached the proper result. Accordingly, we hold that the trial court erred by failing to apply Rule 44.01(a) when it computed the timeliness of Ms. Morris's civil action.

Second, Ms. Morris contends that the trial court improperly failed to consider Section 1.040 when computing timeliness. Although our conclusion with respect to Rule 44.01(a) resolves the issue on appeal, we further conclude that the same result is achieved by applying Section 1.040 which provides that "[t]he time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day is Sunday it shall be excluded."

1. It should be noted that the case the *Hammond* court cited for this proposition, *AT&T Info. Sys., Inc. v. Wallemann,* 827 S.W.2d 217, 221 (Mo.App. W.D.1992), concerned application of the Missouri Rules of Civil Procedure to a Chapter 536 contested case before the MCHR. By contrast, the instant case is a civil action filed in circuit court alleging violations of the Missouri Human Rights Act rather than an administrative proceeding before the MCHR. Indeed, upon the issuance of the right-to-sue notice, the "commission shall terminate all proceedings relating to the [administrative] complaint." Mo.Rev.Stat. § 213.111.1. The only other decision the *Hammond* court cited in support of this point was *State ex rel. Dir. of Rev., State of Mo. v. Rauch,* 971 S.W.2d 350, 351–53 (Mo.App. E.D.1998). *Rauch* involved the timeliness of a petition for review of an administrative decision (license revocation) not timeliness of a civil action. *Id.*

2. *See also Putnam v. Stix, Baer & Fuller,* 795 S.W.2d 620, 621 (Mo.App. E.D.1990) (applying Rule 41.01(a) to Workers' Compensation statute of limitations); *Westerhold v. Mullenix Corp.,* 777 S.W.2d 257, 266 (Mo.App. E.D. 1989) (applying Rule 44.01(a) to a mechanics lien statute of limitations).

Bissinger contends that the application of Section 1.040 contravenes the Missouri Human Rights Act's declaration that "the provisions of this chapter shall be construed to accomplish the purposes thereof and any law inconsistent with any provision of this chapter shall not apply." Mo. Rev.Stat. § 213.101. Section 1.040, however, is not inconsistent with Section 213.111.1. Rather, it provides guidance for computing the statutory period for filing an action. Moreover, courts have routinely construed Section 1.040 in a practical manner and have held that "this statute is intended to furnish a general rule, plain and comprehensible, of the computation of the time mentioned in *all statutes*" *Bank of Holden v. Bank of Warrensburg,* 15 S.W.3d 758, 760 (Mo. App. W.D.2000) (quoting *St. Louis v. Bambrick,* 41 Mo.App. 648 (1890)) (emphasis in the original). Guided by this principle, we find that Section 1.040, which generally applies to all Missouri statutes, also applies to Section 213.111.1. *See Bank of Holden,* 15 S.W.3d at 760–61 (applying Section 1.040 to the provisions of the Uniform Commercial Code, RSMo. Ch. 400).

In light of the foregoing, we conclude that the trial court erred by failing to apply Rule 44.01(a) and Section 1.040 when computing the time to file an action under Section 213.111.1 and improperly dismissed Ms. Morris' petition as untimely.

### *Conclusion*

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

KURT S. ODENWALD, P.J. and GLENN A. NORTON, J., Concur.