**COLUMBIA GLASS AND WINDOW COMPANY, Respondent,**

v.

**Ewell D. HARRIS, et al., Appellants.**

**No. WD 53243.**

Missouri Court of Appeals, Western District.

April 29, 1997.

Allan R. Culp, Kansas City, for Respondent.

David S. Rauzi, Kansas City, for Appellants.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

HOWARD, Judge.

Plaintiff-respondent Columbia Glass and Window Co. ("Respondent") filed suit against Defendants-appellants Ewell Harris, et al. ("Appellants"), in the associate division of the circuit court for failure to pay off their account debt. The court heard the matter on June 20, 1996, in a non-jury trial. On July 12, 1996, the court entered judgment in favor of Respondent for $1,938.44 plus costs. Notice of the judgment was sent by mail to the parties the same day. On July 24, 1996, Appellants filed a Request for Trial de Novo pursuant to § 512.180, RSMo.1994, which reads in relevant part:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

Initially, the court granted this request and assigned the case to an associate circuit judge sitting as a circuit judge. Respondent, however, filed a motion to strike Appellants' Request for Trial de Novo on the ground that it was not filed in a timely manner as required by § 512.190, RSMo.1994, which states:

1. The right of trial de novo provided in subsection 1 of section 512.180 shall be perfected by filing an application for

**6**

trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered.

The circuit court issued an order dismissing the trial de novo. Appellants appeal the dismissal.

Appellants raise one point on appeal. They argue that since the associate circuit court sent notice of its judgment by mail, Rule 44.01(e) should have applied to extend the ten day period prescribed by § 512.190 to thirteen days, thus giving them until July 25, 1996, to file their Request for Trial de Novo. Rule 44.01(e) says:

(e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, three days shall be added to the prescribed period.

The issue before us, therefore, is whether Rule 44.01(e) applies to § 512.190.

█ Rule 44.01(e), by its own terms, applies when a party has a limited amount of time to exercise some right or comply with some requirement "after the service of a notice or other paper." In other words, it applies to situations where the act of serving notice causes the clock to start running. If an event other than a service of notice starts the clock, then Rule 44.01(e) does not apply.

█ Section 512.190 permits a party to file an application for trial de novo for ten days "after the judgment is rendered." Therefore, under this statute, it is the judge's act of rendering judgment that starts the ten day clock running. The confusion in this case rests in the fact that the associate circuit court mailed notice of its judgment to the parties because they had not been present in court. Rule 74.03 specifically requires such notice. It states:

Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such

order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

This raises the question of whether the trial court's judgment is considered "rendered" the instant it is entered, or whether it is tolled until the clerk serves notice of the judgment to the parties. The case law suggests the former. In *Fireman's Fund Ins. Co. v. Brouk–Ziegler Motor Co.*, 841 S.W.2d 778 (Mo.App. E.D.1992), the Court held that a clerk's failure to mail to the defendant notice of the trial court's summary judgment entry, as required by Rule 74.03, did not affect the integrity of the judgment. We can infer from this holding that the rendering of a judgment is distinct from the service of notice of the judgment.

█ Since the running of the ten day period for filing an application for trial de novo begins when the associate circuit court renders judgment (whether in the presence of the parties or not), and not when the court serves notice of the judgment to the parties, we hold that the three-day extension provision of Rule 44.01(e) does not apply to § 512.190, RSMo.

Our decision is consistent with the holdings in prior Missouri cases. Our courts routinely have held that the ten-day rule under § 512.190 is absolute and may not be extended. For example, in *Avery v. Bi–State Development Agency*, 670 S.W.2d 585 (Mo.App. 1984), an associate circuit judge had entered judgment in favor of the plaintiffs, but had failed to notify any of the parties of the judgment. The defendant, about six weeks later, requested leave to file an application for trial de novo. The request was denied. On appeal, the Court of Appeals, citing *State ex rel. Weisman v. Edwards*, 645 S.W.2d 732 (Mo.App.1983), upheld the trial court's ruling. It stated:

The trial court ruled properly. Under Sec. 512.190, RSMo.1978, a party has 10 days from the rendition of judgment by an associate circuit judge to file an application for a trial de novo. The ten day period is absolute. Defendant did not file his application for trial de novo within 10 days of

the judgment and therefore did not perfect his appeal.

*Avery,* 670 S.W.2d at 586. *See also Estate of Ingram v. Rollins,* 864 S.W.2d 400, 403 (Mo. App. E.D.1993) ("This ten-day rule is absolute and may not be extended.") and *Oliva v. Spatz,* 831 S.W.2d 675, 676 (Mo.App.W.D. 1992) ("This ten day period may not be extended").

The judgment of the circuit court is affirmed.

All concur.