Patricia Breckenridge, Judge
Alicia Mulvey filed Missouri Human Rights Act (MHRA) claims for discrimination and retaliation against Focus Workforce Management, Inc., and four Focus employees (collectively, Focus) and Church & Dwight Company, Inc. Church and Focus each filed a motion to dismiss on grounds the MHRA claims were time-barred. Ms. Mulvey then filed a motion for leave to amend her petition to include common law claims of negligence and wrongful discharge. When the circuit court overruled the motions to dismiss and sustained Ms. Mulvey's motion for leave to amend, Church and Focus each filed a petition for *25 a writ of prohibition to prevent the circuit court from taking any action other than vacating its orders overruling their respective motions to dismiss. Church's writ petition also sought to prevent the circuit court from taking any other action than vacating its order sustaining Ms. Mulvey's motion for leave to amend. This Court issued preliminary writs.
This Court finds the circuit court exceeded its authority in overruling Focus' and Church's motions to dismiss Ms. Mulvey's original petition for failure to state a claim. Ms. Mulvey did not file her claim in the circuit court until May 19, 2016-91 days after her right-to-sue letter issued. Ms. Mulvey's MHRA claim, therefore, is barred by the 90-day statute of limitations provided in section 213.111.1.[1]
Furthermore, the circuit court abused its discretion by sustaining Ms. Mulvey's motion for leave to amend her petition with common law claims of negligence and wrongful discharge against Church. The remedies available at common law are fully comprehended by the remedies provided by the MHRA in section 213.111.2. Accordingly, the amended common law claims against Church are preempted by the MHRA. The preliminary writs are made permanent. Mo. Const. art. V, sec. 4.
Factual and Procedural Background
In October 2014, Ms. Mulvey was hired by Focus, a staffing agency, and began work at Church's manufacturing facility. During her employment, Ms. Mulvey asserts she was subjected to offensive and derogatory conduct, comments, and actions based upon her sex. While still employed, Ms. Mulvey complained of these actions to employees at Focus and participated in an investigation of the alleged harassment. At some point after the investigation, she was terminated by Focus and not hired as a permanent employee by Church.
Ms. Mulvey filed a charge of discrimination with the Missouri Commission on Human Rights. The commission issued Ms. Mulvey a right-to-sue letter dated February 18, 2016, advising her she must bring a civil action under the MHRA "within 90 days of the date of this notice." On May 19, 2016-91 days later-Ms. Mulvey filed a petition in the circuit court alleging MHRA claims of retaliation and discrimination against Church and Focus.
Church and Focus each filed a motion to dismiss Ms. Mulvey's petition for failure to state a claim, asserting her claim was time-barred. Before the circuit court ruled on the motions to dismiss, Ms. Mulvey filed a motion for leave to amend her petition to add common law claims of negligence and wrongful discharge. Church and Focus opposed the motion for leave to amend. The circuit court overruled the motions to dismiss and sustained Ms. Mulvey's leave to amend her petition.
Church and Focus each seek a writ of prohibition from this Court to prohibit the circuit court from doing anything other than vacating its order overruling their motions to dismiss. Additionally, Church seeks a writ of prohibition prohibiting the circuit court from doing anything other than vacating its order sustaining Ms. Mulvey's motion for leave to amend her petition. The two cases are consolidated for purposes of this opinion.
Standard of Review
"Prohibition is a discretionary writ that only issues to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extrajurisdictional power."
*26 State ex rel. Schwarz Pharma, Inc. v. Dowd , 432 S.W.3d 764, 768 (Mo. banc 2014). A writ of prohibition is the proper "remedy to prevent a lower court from proceeding on [a claim] barred by the statute of limitations." State ex rel. Holzum , 342 S.W.3d 313, 315 (Mo. banc 2011). "[P]rohibition will lie if plaintiff's petition does not state a viable theory of recovery, and relator was entitled to be dismissed from the suit as a matter of law." State ex rel. Union Elec. Co. v. Dolan , 256 S.W.3d 77, 81 (Mo. banc 2008) (internal quotations omitted). If the complaint is insufficient to justify court action, it is "fundamentally unjust to force another to suffer the considerable expense and inconvenience of litigation" in addition to being "a waste of judicial resources and taxpayer money." State ex rel. Henley v. Bickel , 285 S.W.3d 327, 330 (Mo. banc 2009).
Motions to Dismiss the MHRA Claims
Church and Focus assert they are entitled to writs of prohibition because the circuit court exceeded its authority in overruling the motions to dismiss because Ms. Mulvey's MHRA claims are time-barred. The MHRA provides, in pertinent part, "Any action brought in the court ... shall be filed within ninety days from the date of the commission's notification letter to the individual." Section 213.111.1. By the statute's plain language, an MHRA claim must be brought in the circuit court within 90 days of the commission's notification letter.
The commission's notification letter to Ms. Mulvey was dated February 18, 2016. The notification letter twice stated the 90-day filing requirement. Ms. Mulvey did not file her MHRA action in the circuit court until May 19, 2016-91 days later. Ms. Mulvey, therefore, failed to comply with section 213.111.1's 90-day statute of limitations.
Ms. Mulvey contends, nevertheless, she filed her petition timely because Rule 44.01(e) gave her with an additional three days in which to file her MHRA claims. Rule 44.01(e) provides:
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, three days shall be added to the prescribed period.
Rule 44.01(e), however, "by its own terms, applies when a party has a limited amount of time to exercise some right or comply with some requirement 'after the service of a notice or other paper.' " Columbia Glass & Window Co. v. Harris , 945 S.W.2d 5, 6 (Mo. App. 1997). "In other words, it applies to situations where the act of serving notice causes the clock to start running." Id. "If an event other than a service of notice starts the clock, then Rule 44.01(e) does not apply." Id. The language of section 213.111.1 is clear and unambiguous: the 90-day statute of limitations begins running from the date of the right-to-sue letter. Because the statute of limitations is not triggered by the service of the letter, Rule 44.01(e) does not apply.
Ms. Mulvey further asserts principles of equitable tolling apply and excuse her untimely filing. Statutes of limitation in the MHRA are strictly construed. Hill v. John Chezik Imps. , 797 S.W.2d 528, 530 (Mo. App. 1990). "Statutes of limitation may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions." Id. Ms. Mulvey has not alleged any factual circumstances allowing her to evade section 213.111.1's 90-day statute of limitations. Her only allegation is that Focus caused her to be late in filing because it did not provide the personal addresses of its employees to the commission.
*27 The personal addresses of the individual Focus defendants, however, were not necessary for Ms. Mulvey to file her petition in the circuit court; indeed, Ms. Mulvey used the business address of their employer, Focus, when filing her petition.
Because Ms. Mulvey failed to timely file her petition in the circuit court within the 90-day statute of limitations prescribed in section 213.111.1, her MHRA claims are time-barred. The circuit court, therefore, should have sustained Church's and Focus' motions to dismiss and exceeded its authority by failing to do so.
Motion for Leave to Amend Petition
Church asserts it is also entitled to a writ of prohibition preventing the circuit court from any further action other than vacating its order sustaining Ms. Mulvey's motion for leave to amend her petition because her common law claims of negligence and wrongful discharge are preempted by the MHRA. Ms. Mulvey contends she is allowed to freely amend her petition under Rule 55.33 and her negligence and wrongful discharge claims amount to more than a mere violation of the MHRA in that she alleges Church negligently failed to train, supervise, and prevent its employees from acting in a discriminatory manner.
First, Rule 55.33(a) provides, in pertinent part, that "leave shall be freely given when justice so requires. " (Emphasis added). Therefore, although the rules favor liberality in allowing leave to amend pleadings, a party does not have an absolute right to an amended petition. Jones v. Williams , 357 Mo. 531, 209 S.W.2d 907, 911 (1948).
Second, the issue is not whether the claims in the pleadings are contained within the MHRA; the issue is whether the remedies available to the plaintiff are fully provided for by the MHRA. Missouri courts have long held the test for determining if a statutory right of action supplants previously available common law claims focuses on the available remedies: "The rule emerging from our prior decisions is that a statutory right of action shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect unless the statutory remedy fully comprehends and envelopes the remedies provided by common law." Detling v. Edelbrock , 671 S.W.2d 265, 271-72 (Mo. banc 1984), abrogated on other grounds as recognized in Green v. City of St. Louis , 870 S.W.2d 794, 796 (Mo. banc 1994).
The focus on the available remedies is exemplified by this Court's analysis in Fleshner v. Pepose Vision Institute, P.C. , 304 S.W.3d 81 (Mo. banc 2010). In Fleshner , this Court adopted the public-policy exception to the at-will employment doctrine and then analyzed whether wrongful termination claims brought under the public-policy exception were preempted by the Fair Labor Standards Act (FLSA). Id. at 95-96. The Court explained: "A statutory remedy does not comprehend and envelop the common law if the common law remedies provide different remedies from the statutory scheme." Id. at 95 (internal quotation omitted). As this Court reasoned, because punitive damages were available under the common law and there was an unresolved circuit split regarding whether the FLSA provided punitive damages, the FLSA did "not preempt recovery for wrongful termination under the public policy exception." Id. at 96.
Unlike the statutory scheme at issue in Fleshner , the MHRA provides a fully comprehensive remedial scheme enveloping the remedies available for the common law claims alleged by Ms. Mulvey. Section 213.111.2 of the MHRA states: "The court *28 may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party." The MHRA, therefore, provides a broad range of remedies including injunctive relief, actual damages, punitive damages, court costs, and attorney fees. Ms. Mulvey is not entitled to any other remedies for common law claims of negligence or wrongful discharge. In fact, by providing for attorney fees, the MHRA provides plaintiffs with an additional remedy unavailable at common law.
Because the MHRA fully provides for all remedies available at common law, Ms. Mulvey's common law claims of negligence and wrongful discharge are fully encompassed and comprehended by the MHRA. See Noel v. AT & T Corp. , 936 F.Supp.2d 1084, 1090 (E.D. Mo. 2013) ; Thompson v. Greyhound Lines, Inc. , No. 4:12-CV-2014 CAS, 2013 WL 2641306, at *4 (E.D. Mo. June 12, 2013). The MHRA, therefore, supersedes and displaces Ms. Mulvey's common law claims, and the circuit court abused its discretion by allowing Ms. Mulvey to amend her petition against Church to include common law claims preempted by the MHRA.
Conclusion
Ms. Mulvey failed to file her MHRA claim within the 90-day statutory period, and her common law claims of negligence and wrongful discharge are fully encompassed and comprehended by the MHRA. The circuit court exceeded its authority when it overruled Church's and Focus' motions to dismiss for failure to state a claim. The circuit court further abused its discretion when it sustained Ms. Mulvey's motion for leave to amend her petition with negligence and wrongful discharge claims against Church. The preliminary writs are made permanent.
All concur.

All statutory references are to RSMo 2000, unless otherwise indicated.