

# In the
# Missouri Court of Appeals
# Western District

GARRETT LOOMIS,            )
                                )
            Appellant,       )    WD84424
                                )
v.                           )    OPINION FILED: April 5, 2022
                                )
SCOTT BOWERS           )
AND LEA BOOKER,        )
                                )
            Respondents.    )

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable Janet Lodwick Sutton, Judge[1]

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Thomas N. Chapman Judge, and W. Douglas Thomson, Judge

Garrett Loomis ("Loomis") appeals from the trial court's entry of judgment granting Scott Bowers and Lea Booker's ("Defendants") motion to dismiss Loomis's petition which asserted claims for negligence and negligent infliction of emotional distress. Loomis argues that the trial court erred in dismissing his claims because they are not preempted by

---

[1]The trial judge, Judge Janet Lodwick Sutton, was later appointed to the Missouri Court of Appeals Western District, but she has not participated in the review of this case on appeal.

the Missouri Human Rights Act ("MHRA")[2], because they are not barred by the statute of limitations or doctrines of res judicata or judicial estoppel, and because his petition sufficiently stated cognizable claims. Because the claims in Loomis's petition are preempted by the MHRA, we affirm the trial court's judgment.

## Factual and Procedural History[3]

On December 25, 2017, Loomis spent 30 minutes to an hour inside of the Ameristar Casino ("Ameristar") in Kansas City, Missouri. Loomis was approached by Defendants, two on-duty security guards employed by Ameristar. Defendants accused Loomis of being intoxicated and told him to leave Ameristar. Loomis explained that he had not been drinking, but that he suffered a brain injury which partially impaired the use of one side of his body. Despite Loomis's explanation, Defendants forced him to leave Ameristar. As a result of this interaction, Loomis experiences anxiety and panic attacks when he attempts to visit public places, for fear that his physical impairment will be mistaken for intoxication.

On May 15, 2018, Loomis filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") alleging that Ameristar discriminated against him in public accommodation because of his disability. On March 1, 2019, the MCHR issued Loomis a "right to sue" letter, and on May 28, 2019, Loomis filed a petition in the Circuit Court of Clay County, Missouri, alleging one count of "Disability discrimination

---

[2]RSMo section 213.010 *et. seq*. Unless otherwise noted, all statutory references to the MHRA are to RSMo Supp. 2017, the version of the MHRA in effect when Loomis's claims arose.
[3]When reviewing whether dismissal of Loomis's claims was appropriate, we assume that all assertions contained in his petition are true. *Hartman v. Logan*, 602 S.W.3d 827, 836 (Mo. App. W.D. 2020) (citation omitted).

and/or Harassment in Public Accommodations" against Ameristar in violation of the MHRA ("MHRA Petition"). On August 22, 2019, Loomis amended his MHRA Petition to include Defendants (whose identities were then unknown to Loomis) as John Doe 1 and John Doe 2.

On November 18, 2019, Loomis served Ameristar with a copy of a summons and his MHRA Petition. On December 16, 2019, Ameristar removed Loomis's case to the United States District Court for the Western District of Missouri ("Federal Court"). Ameristar then filed a motion to dismiss Loomis's MHRA Petition. The Federal Court granted Ameristar's motion to dismiss Loomis's MHRA Petition for insufficient service of process. The case was dismissed without prejudice. Loomis appealed, and then voluntarily dismissed his appeal.

On July 23, 2020, Loomis initiated a second lawsuit in the Circuit Court of Clay County asserting common law claims of negligence and of negligent infliction of emotional distress (collectively "common law claims") against Defendants. The common law claims were based upon the same incident raised in the dismissed MHRA Petition. Loomis contends that amendments to the MHRA in 2017 eliminated individual liability for discrimination in public accommodation, permitting him to assert the common law claims.

Defendants filed a motion to dismiss Loomis's petition. Defendants alleged that Loomis's common law claims are preempted by the MHRA, barred by the doctrine of res judicata, and untimely under the MHRA. In supplemental pleadings in support of the motion to dismiss, Defendants also allege that Loomis's petition fails to state a claim on which relief can be granted because the common law claims are not cognizable.

3

On February 22, 2021, the trial court issued a judgment granting Defendants' motion to dismiss Loomis's common law claims ("Judgment"). The Judgment expressly relied on *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22 (Mo. banc 2018). In *Church*, a plaintiff brought claims for sex discrimination and retaliation against her former employer under the MHRA, and the defendant moved to dismiss the claims because they were barred by the MHRA's statute of limitations. *Id.* at 24-25. The Missouri Supreme Court concluded that the trial court erred when it permitted plaintiff to amend her petition to include common law claims of negligence and wrongful discharge "[b]ecause the MHRA fully provides for all remedies available at common law" and because her "common law claims of negligence and wrongful discharge [were] fully encompassed and comprehended by the MHRA." *Id.* at 28. The Supreme Court held, "The MHRA, therefore, supersedes and displaces [the plaintiff's] common law claims, and the circuit court abused its discretion by allowing [the plaintiff] to amend her petition against Church to include common law claims preempted by the MHRA." *Id.* In its Judgment, the trial court concluded:

> The same is true here. [Loomis] initially brought his claims as MHRA claims for disability discrimination. However, those claims were dismissed without prejudice on procedural grounds, and the statute of limitations has expired. [Loomis] now seeks to bring his claims as common law negligence claims. However, the MHRA expressly prohibits disability discrimination in public accommodations. It provides a fully comprehensive remedial scheme for any violations . . . . As noted by the Supreme Court of Missouri in *Church*, [Loomis's] common law negligence claims "are fully encompassed and comprehended by the MHRA." Plaintiff is thus "not entitled to any other remedies for common law claims of negligence."

(Citations omitted).

4

Loomis appeals.

## Standard of Review

We review the trial court's grant of a motion to dismiss *de novo*. *Hartman v. Logan*, 602 S.W.3d 827, 835 (Mo. App. W.D. 2020) (citation omitted). We are to affirm the trial court's dismissal on any meritorious ground stated in the motion to dismiss, "even if that ground was not relied upon by the trial court in dismissing the claim." *Copeland v. City of Union*, 534 S.W.3d 298, 301 (Mo. App. E.D. 2017) (citation omitted). "A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition." *Hartman*, 602 S.W.3d at 835 (quoting *Tuttle v. Dobbs Tire & Auto Ctrs., Inc.*, 590 S.W.3d 307, 310 (Mo. banc 2019)). "The Court does not weigh the factual allegations to determine whether they are credible or persuasive." *Hill v. Freedman*, 608 S.W.3d 650, 654 (Mo. App. W.D. 2020) (quoting *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 424 (Mo. banc 2019)). "We review the petition 'to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case.'" *Hartman*, 602 S.W.3d at 835-36 (quoting *McDonald v. Chamber of Commerce of Independence*, 581 S.W.3d 110, 114 (Mo. App. W.D. 2019)).

## Analysis

Loomis raises six points on appeal, each addressing a basis for dismissal of his common law claims that was raised by Defendants' motion to dismiss. In his first point on appeal, Loomis argues that the trial court erred in dismissing his petition because the amended version of the MHRA does not preempt his common law claims. In his second,

5

third, and fourth points on appeal, Loomis argues that the trial court erred in dismissing his petition because the MHRA statute of limitations does not apply to his common law claims, and the claims are not barred by the doctrines of res judicata or judicial estoppel, respectively, arising out of dismissal of the MHRA Petition. In Loomis's fifth and sixth points on appeal, he argues that the trial court erred in dismissing his petition because he sufficiently pled a duty owed for the common law claims of negligence and negligent infliction of emotional distress, such that his claims are cognizable.[4]

Each of Loomis's points on appeal is premised on the central contention that 2017 amendments to the MHRA eliminated individual liability for discrimination in public accommodation, permitting common law claims to be pursued against individuals for conduct that would have been subject to the MHRA (and to the Supreme Court's holding in *Church*) prior to 2017. Loomis's premise is flawed. Loomis incorrectly presumes (without analysis or citation to authority) that 2017 amendments to the MHRA eliminated individual liability for discrimination in public accommodation.

***Individual liability for discrimination in public accommodation following 2017 amendments to the MHRA***

Section 213.065 prohibits discrimination in places of public accommodation, and describes unlawful discriminatory practices as follows:

> 1. All persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation, as hereinafter defined, without discrimination or segregation because of race, color, religion, national origin, sex, ancestry, or disability.

---

[4]Point Five challenges the dismissal of Loomis's negligence claim while Point Six challenges the dismissal of his claim for negligent infliction of emotional distress.

6

2. ***It is an unlawful discriminatory practice for any person***, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available ***in any place of public accommodation***, as defined in section 213.010 and this section, or to segregate or discriminate against any such person in the use thereof because of race, color, religion, national origin, sex, ancestry, or disability.

(Emphasis added.)

Section 213.010(16) defines "places of public accommodation" as "all places or businesses offering or holding out to the general public, goods, services, privileges, facilities, advantages or accommodations for the peace, comfort, health, welfare and safety of the general public or such public places providing food, shelter, recreation and amusement[.]" Section 213.010(15) defines a "person" as "one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons." These provisions of the MHRA were not amended in 2017 in any manner relevant to this case.[5]

It is uncontested that Ameristar is a "place of public accommodation" as defined in section 213.010(16), and that Defendants are each a "person" as defined in section 213.010(15). According to the plain language of section 213.065.2, Defendants were thus prohibited from engaging in conduct in connection with their work at Ameristar that would qualify as discrimination in public accommodation. The conduct Defendants are accused

---

[5]The only change in section 213.065.1 and .2 as a result of 2017 amendments to the MHRA was substitution of the phrase "because of" for "on the grounds of." The only change in section 213.010(15) and (16) as a result of 2017 amendments to the MHRA was the renumbering from 213.010(14) and 213.010(15), respectively.

of in Loomis's common law claims is conduct that, accepted as true for purposes of this discussion, would qualify as discrimination in public accommodation.

Loomis observes, however, that section 213.075.1 was amended in 2017. Section 213.075 addresses complaints filed with the MCHR. The pre-2017 version of section 213.075.1 provided that:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the ***person*** alleged to have committed the unlawful discriminatory practice . . . .

(Emphasis added.) As amended in 2017, section 213.075.1 now provides:

> ***As a jurisdictional condition precedent to filing a civil action under this chapter,*** any person claiming to be aggrieved by an unlawful discriminatory practice shall make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the ***employer, employment agency, labor organization, or place of public accommodation alleged*** to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission.

(Emphasis added.) The 2017 amendment to section 213.075.1 thus replaced the word "person," (broadly defined by section 213.010(15) to include, but not be limited to, individuals), with a categorical list of those who must be named in an administrative complaint. The first three categories (employer, employment agency, and labor organization), are expressly prohibited by section 213.055 from engaging in unlawful employment practices (*see* sections 213.055.1(1), (2) and (3)). The fourth category (place of public accommodation) is expressly addressed by section 213.065's prohibition against discrimination in public accommodations.

8

Loomis presumes without analysis or citation to authority that when the General Assembly replaced the word "person" in section 213.075.1 with the phrase "employer, employment agency, labor organization, or place of public accommodation," it intended to relieve "persons," (a term that includes individuals within its scope), of liability for discrimination in public accommodation. Loomis thus contends that section 213.075.1 "does not allow an aggrieved person to file an administrative complaint with the MCHR against another 'person.'" He extrapolates from this conclusion that he should now be permitted to sue "persons," (including individuals) at common law for discrimination in public accommodation. We disagree.

First, Loomis's contention ignores that section 213.065.2 expressly declares it to be an unlawful discriminatory practice for any "person" to discriminate in public accommodation. It would be absurd to conclude that the General Assembly's amendment of section 213.075.1 in 2017 was intended to eliminate liability for "persons" for discrimination in public accommodation, simply because "person" is no longer expressly identified as the alleged offender required to be named when an MCHR complaint is first filed. "[I]t would be illogical for the legislature to, on the one hand, ban discrimination in public accommodations and, on the other hand, exempt the owner of the public accommodation from liability for that discrimination." *R.M.A.*, 568 S.W.3d at 429 n.11. Loomis's construction of section 213.075.1 would mean that no one is liable under the MHRA for discrimination in public accommodation, as a "*place* of public accommodation" is not within the definition of "person" (those prohibited from discrimination in public accommodation by section 213.065.2), and because a "place" is not a person, and cannot

9

be sued. *See, e.g.*, *City of Harrisonville v. McCall Serv. Stations*, 495 S.W.3d 738, 751-52 (Mo. banc 2016) (holding that Petroleum Storage Tank Fund is a statutorily created account, and not a legal entity that can be sued). "Courts . . . should not construe a statute to render any provision meaningless." *Am. Civil Liberties Union of Mo. v. Ashcroft*, 577 S.W.3d 881, 892 (Mo. App. W.D. 2019) (quoting *Caplinger v. Rahman*, 529 S.W.3d 326, 332 (Mo. App. S.D. 2017) (en banc)). Rather, it must be the case that the owner of, operator of, or those working at, a "***place*** of public accommodation" are susceptible to suit for discriminatory conduct at or within the public accommodation. *R.M.A.*, 568 S.W.3d at 429 n.11 (noting that owner and operator of a public accommodation logically must be subject to suit for "discriminatory conduct within that public accommodation").

Second, when the General Assembly intends to eliminate individual liability for an unlawful discriminatory practice, it does so plainly, not cryptically. For example, following the 2017 amendments to the MHRA, individuals can no longer be sued for unlawful employment practices pursuant to section 213.055. *Wiedner v. Ferrellgas, Inc.*, 607 S.W.3d 231, 237 (Mo. App. W.D. 2020). However, that is ***not*** because section 213.075.1 was amended to replace the word "person" with "employer, employment agency, labor organization, or place of public accommodation." Instead, it is because section 213.055 makes it an unlawful employment practice for an "employer" to engage in specified conduct, and the definition of "employer" was amended in 2017 to delete "any person directly acting in the interest of an employer" from the definition, and to expressly exclude "an individual employed by an employer" from the definition. Section 213.010(8); *Wiedner*, 607 S.W.3d at 237. "[I]f the legislature intended to exclude [persons, including

10

individuals] from liability [for discrimination in public accommodation] under the MHRA, it is unlikely it would have hidden its intent to do so in [an amendment describing who must be identified when an MCHR complaint is first filed]." *R.M.A.*, 568 S.W.3d at 430 n.12 (citing *Whitman v. Am. Trucking Ass'ns.*, 531 U.S. 457, 468 (2001) ("The legislature 'does not, one might say, hide elephants in mouseholes.'")).

Third, Loomis's contention ignores other provisions in Chapter 213.  For example, section 213.075.1 requires the "employer, employment agency, labor organization, or place of public accommodation" to be identified when an MCHR complaint is first filed, but also requires the complaint "to set forth the particulars thereof and such other information as may be required by the commission."  Section 213.075.4 provides that "[a] person who is not named as a respondent in a complaint [filed with the MCHR], but who is identified as a respondent in the course of investigation, may be joined as an additional or substitute respondent . . . ."  "Respondent" is defined by section 213.010(18) as "a ***person*** who is alleged to have engaged in a prohibited discriminatory practice in a complaint filed with the commission."  In addition, section 213.111.1 provides that a right to sue letter issued by the MCHR must indicate that the person claiming to be aggrieved has a "right to bring a civil action within ninety days of such notice ***against the respondent named in the complaint***."  (Emphasis added.)

All of these provisions are to be construed together and harmonized if reasonably possible.  *R.M.A.*, 568 S.W.3d at 429.  Harmonizing all of these provisions can only be accomplished if the 2017 amendment to the MHRA which replaced "person" in section 213.075.1 with "employer, employment agency, labor organization, or place of public

accommodation" is construed to identify those who must be identified in a complaint filed with the MCHR, subject to a complaining person's right to name any other "respondents" statutorily subject to liability for complained of unlawful discriminatory practices, mindful that only those named as "respondents" can be named in a right to sue letter, or a later filed civil action. *See, e.g., R.M.A.*, 568 S.W.3d at 429 (holding that MHRA's definition of the word "person," which states that it "includes" the individuals and entities listed therein, is not limited to that list, and also includes others required by necessary implication).

Finally, taken to its logical extension, Loomis's contention would require the conclusion that ***no one*** can be sued for discrimination in housing pursuant to section 213.040; for discrimination in commercial real estate loans pursuant to section 213.045; for discrimination in selling or renting by real estate agencies pursuant to section 213.050; or for additional discriminatory practices pursuant to section 213.070.1(3); because these statutes do not refer to an "employer, employment agency, labor organization, or place of public accommodation" as potential offending parties. It would be absurd to conclude that the General Assembly intended its amendment of section 213.075.1 to effectively eliminate the prohibition against unlawful discriminatory practices identified by these sections. *See R.M.A.*, 568 S.W.3d at 429 n.11; section 213.101.1 (requiring the provisions of Chapter 213 to be construed as "to accomplish the purposes thereof").

We therefore reject the premise essential to each of Loomis's points on appeal. Because 2017 amendments to the MHRA did not eliminate individual liability for discrimination in public accommodation, the trial court's reliance on *Church* to conclude

12

that the MHRA preempted Loomis's common law claims[6] against the Defendants was legally correct.

The Judgment is affirmed. Loomis's Points One through Six on appeal are denied.

**Conclusion**

The trial court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur

---

[6]This Opinion should not be read to suggest that if the Defendants were no longer subject to individual liability for discrimination in public accommodation under the MHRA, Loomis would have had cognizable common law claims against Defendants that were not subject to the defense of preemption. We simply need not address that issue.