

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| NACHA RENE, | ) | |
| | ) | |
| Appellant, | ) | WD86294 |
| | ) | |
| V. | ) | OPINION FILED: |
| | ) | FEBRUARY 23, 2024 |
| ROYAL CITY BELL, LLC, ET AL, | ) | |
| | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Kenneth Garrett, Judge

Before Division One:  Alok Ahuja, Presiding Judge, Cynthia L. Martin, Judge and
Thomas N. Chapman, Judge

Nacha Rene ("Rene") appeals from the trial court's entry of a judgment that dismissed with prejudice claims she asserted under the Missouri Human Rights Act[1] ("MHRA") on the basis that the petition asserting those claims was not timely filed pursuant to section 213.111.1.  Because the trial court's dismissal of Rene's MHRA claims was legally erroneous, we reverse and remand for further proceedings.

**Factual and Procedural History[2]**

---

[1]Chapter 213 of the Revised Statutes of Missouri.  All statutory references are to RSMo 2016 as supplemented through the date of Rene's termination, unless otherwise indicated.

[2]Because our review of a trial court's judgment granting a motion to dismiss requires us to treat all of the averments in the petition as true, the factual history is drawn

In September of 2018, Rene, a black female, began working at a Taco Bell restaurant owned and operated by Royal City Bell, LLC and Diversified Restaurant Group, LLC (hereinafter collectively referred to as "Bell"). On February 11, 2021, Rene was terminated by Bell.

On August 9, 2021, Rene filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). Rene received a right-to-sue letter from the MCHR that was dated July 1, 2022. On September 29, 2022, Rene filed a petition in the circuit court against Bell alleging claims under the MHRA for race discrimination, hostile work environment based on race, sex discrimination, associational age discrimination, associational national origin discrimination, and retaliation. Rene also asserted a separate claim for violation of the Missouri Service Letter statute.[3]

On April 14, 2023, Bell filed a motion to dismiss Rene's petition for failure to state a claim upon which relief can be granted pursuant to Rule 55.27(a)(6).[4] Bell alleged that Rene's petition was filed ninety-one days after the date of the right-to-sue letter and that as a result, her claims under the MHRA were time barred by the ninety-day statute of limitations set forth in section 213.111.1. In support of this argument, Bell claimed that

_____

from the allegations in Rene's petition. *See Hartman v. Logan*, 602 S.W.3d 827, 836 (Mo. App. W.D. 2020) (holding that to determine whether dismissal of a petition is appropriate, "we assume all of the petition's averments are true and liberally grant all reasonable inferences drawn therefrom") (citation omitted). The procedural history is drawn from the legal file.

[3]Section 290.140.

[4]All rule references are to *Missouri Court Rules, Volume 1 -- State, 2023* unless otherwise noted.

the Supreme Court in *State ex rel. Church & Dwight Co., Inc. v. Collins*, 543 S.W.3d 22 (Mo. banc 2018) held that the ninety-day statute of limitations computation includes the date of issuance of the MCHR's right-to-sue letter. Bell also alleged that the factual allegations in Rene's petition were insufficient to state a claim for violation of the Missouri Service Letter statute.

Rene opposed the motion to dismiss. Relying on Rule 44.01(a), Rene argued that the day the right-to-sue letter was issued should not be included in computing the ninety-day statute of limitations set forth in section 213.111.1 and that her petition was thus timely filed ninety days after issuance of the right-to-sue letter. Rene also argued that her petition adequately pled facts sufficient to state a claim for violation of the Missouri Service Letter statute.

In Bell's reply suggestions in support of its motion to dismiss, Bell did not address Rene's reliance on Rule 44.01(a) and simply reiterated its original contention that the holding in *Collins* was controlling.

On May 12, 2023, the trial court entered its decree/order ("Judgment") granting Bell's motion to dismiss. The trial court found that the date of a right-to-sue letter is counted as the first day of the MHRA's ninety-day statute of limitations and that petitions filed after the ninetieth day must be dismissed. The trial court further found that Rene's petition failed to assert facts sufficient to establish each of the essential elements of a claim for violation of the Missouri Service Letter statute. The Judgment dismissed Rene's MHRA claims (Counts I through VI in the petition) with prejudice. The Judgment

3

dismissed Rene's claim for violation of the Missouri Service Letter statute (Count VII in the petition) without prejudice.

Rene filed this timely appeal from the Judgment challenging only the dismissal with prejudice of the MHRA claims asserted in Counts I through VI of the petition.[5]

**Standard of Review**

"The standard of review for a trial court's grant of a motion to dismiss is *de novo*." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). "With respect to the timeliness of claims, '[i]f it clearly appears on the face of the petition that the cause of action is barred by the applicable statute of limitations, the motion to dismiss is properly sustained.'" *Eckel v. Eckel*, 540 S.W.3d 476, 482 (Mo. App. W.D. 2018) (quoting *Armistead v. A.L.W. Grp.*, 60 S.W.3d 25, 26 (Mo. App. E.D. 2001)).

"In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss." *Estate of Barros*, 659 S.W.3d 624, 627 (Mo. App. W.D. 2022) (quoting *McDonald v. Chamber of Com. Of Indep.*, 581 S.W.3d 110, 114 (Mo. App. W.D. 2019)). "Only if the motion to

---

[5]Rene has not appealed the trial court's dismissal without prejudice of her claim under the Missouri Service Letter statute. "The general rule is that a dismissal without prejudice is not . . . appealable." *Laske v. Krueger*, 660 S.W.3d 22, 27 (Mo. App. W.D. 2023) (quotation omitted). "When the party elects not to plead further and stands on the original pleadings, the dismissal without prejudice is considered a final and appealable judgment." *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 265 (Mo. banc 2014) (citing *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991)). Thus, the Judgment was final and appealable despite the circuit court's dismissal without prejudice of Rene's Service Letter claim. While Rene has not directly challenged the dismissal of that claim on appeal, since we are reversing and remanding the Judgment, Rene is not precluded from seeking leave to amend her petition to better plead the claim on remand.

dismiss cannot be sustained on any ground alleged in the motion will the trial court's ruling . . . be reversed." *Id.* at 628 (internal brackets omitted).

**Analysis**

In Rene's sole point on appeal, she argues that the trial court committed legal error by granting Bell's motion to dismiss her MHRA claims on the basis that her petition was not timely filed pursuant to section 213.111.1. Specifically, Rene asserts that pursuant to section 1.040 and Rule 44.01(a), the day her right-to-sue letter was issued should not have been counted in computing the ninety-day statute of limitations set forth in section 213.111.1 and that her petition was timely filed if the day of issuance of the right-to-sue letter is not counted.

Section 213.111.1 provides, in pertinent part, that upon a plaintiff's written request "the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action ***within ninety days of such notice*** against the respondent named in the complaint." (Emphasis added.) The General Assembly has provided guidance about how statutes requiring a time-sensitive act to be taken are to be construed. Section 1.040 unambiguously provides that "[t]he time within which an act is to be done shall be computed ***by excluding the first day and including the last***. If the last day is Sunday it shall be excluded." (Emphasis added.)

"[C]ourts have routinely construed [s]ection 1.040 in a practical manner and have held that 'this statute is intended to furnish a general rule, plain and comprehensible, of the computation of the time mentioned ***in all statutes***.'" *Morris v. Karl Bissinger, Inc.*, 272 S.W.3d 441, 444 (Mo. App. E.D. 2008) (emphasis added) (quoting *Bank of Holden v.*

5

*Bank of Warrensburg*, 15 S.W.3d 758, 760 (Mo. App. W.D. 2000)).  That includes section 213.111.1.  *Id.* ("Guided by this principle, we find that Section 1.040, which generally applies to all Missouri statutes, also applies to Section 213.111.1.") (citation omitted).

In *Morris*, plaintiff's MHRA petition was dismissed as not timely filed.  *Id.* at 442.  Plaintiff's right-to-sue letter was issued on October 1, 2007.  *Id.*  She filed her petition on Monday, December 31, 2007.  *Id.*  The Eastern District noted that December 31, 2007 was "ninety-one days from the date of the right-to-sue letter."  *Id.*  The issue in *Morris* was whether the plaintiff's petition was timely filed because the ninetieth day following issuance of the right-to-sue letter fell on a Sunday.  *Id.*  The Eastern District easily concluded that section 1.040 applied to control the time computation in section 213.111.1 and that as a result, the plaintiff's petition was timely filed since section 1.040 provides that "if the last day [within which an act is to be done] is Sunday it shall be excluded."  *Id.* at 443-44.

We agree with the holding in *Morris* and also conclude that the plain language of section 1.040 requires that it be applied to compute the time within which a petition can be filed pursuant to section 213.111.1.  Section 1.040 unequivocally directs that "[t]he time within which an act is to be done shall be computed by excluding the first day [the day Rene's right-to-sue letter was issued] and including the last [the day Rene's petition was filed]."  As a result, Rene's petition, which was filed on September 29, 2022, was filed within ninety days of the issuance of her July 1, 2022 right-to-sue letter.  *Morris* compels this conclusion, although it addressed a different timeliness issue.  *See* 272

6

S.W.3d at 443. Though the issue in *Morris* was not whether the day of issuance of a

right-to-sue letter is counted in computing the ninety-day statute of limitations, it is

apparent that the court in *Morris* did not count the day of issuance of the right-to sue

letter in computing the ninety-day statute of limitations. *Id.* at 442-43. Had *Morris*

counted the day of issuance of the right-to-sue letter plaintiff's petition, which was filed

on December 31, 2007, would have been deemed filed ninety-two days from October 1,

2007 (the date of the right-to-sue letter), not ninety-one days. *Id.* at 442.[6]

---

[6]Other cases have also acknowledged the controlling nature of section 1.040 by either expressly or effectively holding that the day of issuance of a decision or other notice triggering a right to take further statutory action is not to be counted in calculating the timeliness of said action. *See, e.g., Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 133-34 (Mo. App. W.D. 2003) ("Hammond's original petition, filed on June 20, 2000 . . . was filed ninety-one days after the March 21, 2000 right-to-sue letter was issued by the MCHR"); *Joseph v. Schnuck Markets, Inc.*, 84 S.W.3d 132, 133 (Mo. App. E.D. 2002) ("Here, the Secretary of the Commission mailed its decision to the claimant on March 14, 2002. The decision became final ten days later on March 25, 2002 . . . [t]he claimant's notice of appeal was due twenty days thereafter on Monday, April 15, 2002"); *West v. Director of Revenue*, 996 S.W.2d 775, 776 (Mo. App. E.D. 1999) ("The consent judgment was rendered on September 25, 1998. Thirty days from that date was *Sunday*, October 25, 1998"); *Herrman v. Dixon*, 285 S.W.2d 716, 716-17 (Mo. App. Spring. Dist. 1956) ("The mechanic's lien statute . . . provides that all actions for mechanics liens shall be commenced within ninety days after the filing of the lien . . . . Excluding the first day [the day the lien was filed], the ninetieth day was May 30 . . . which fell on Sunday[,]" and finding that the next day was a holiday requiring the conclusion pursuant to section 1.040 that suit could be filed on the ninety-second day after the lien was filed).

In other contexts, where a statute of limitations is expressed in terms of "years" and not a specific number of days, our courts have consistently treated the day a cause of action accrues as the triggering event that commences the running of the statute of limitations but have not counted that day in the computation of the statute of limitations. *See, e.g., State ex rel. Mahn v. J.H. Berra Const. Co., Inc.*, 255 S.W.3d 543, 546 (Mo. App. E.D. 2008) (holding that where the Collector of Revenue was not authorized to file suit until February 1, 2002, then the Collector "must have filed suit by February 1, 2005, in order to fall within the three year statutory period[,]" a day that is three calendar years after the first date on which suit could have been filed, but only if the first day suit could be filed is not included in the computation of time); *Fuller v. Lynch*, 896 S.W.2d 764,

7

Reliance on Rule 44.01(a) requires the same conclusion. Rule 44.01(a) provides, in pertinent part, as follows:

> In computing any period of time prescribed or allowed by these rules, by order of court, ***or by any applicable statute***, the date of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday . . . .

(Emphasis added.) The Missouri Supreme Court is authorized by the Missouri Constitution to "establish rules relating to practice, procedure and pleading for all courts," and those rules "shall have the force and effect of law." Mo. Const. art. V, section 5. Consequently, rules promulgated pursuant to the Supreme Court's constitutional authority "'supersede all statutes and existing court rules inconsistent therewith,' [and] if there is a conflict between this Court's rules and a statute, the rule always prevails if it addresses practice, procedure or pleadings." *State ex rel. Union Elec. Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo. banc 1995) (citations omitted) (quoting Rule 41.02). Rule 44.01(a) was promulgated pursuant to the Supreme Court's constitutional authority. Rule 41.02 ("Rules 41 to 101, inclusive, are promulgated pursuant to authority granted this Court by Section 5 of Article V of the Constitution of Missouri.").

---

766 (Mo. App. W.D. 1995) (holding that where voluntary dismissal was filed on February 7, 1991, the period of the one-year savings statute for refiling expired on February 7, 1992, a day that is one calendar year and one day after the filing of the voluntary dismissal if both the day of filing and the day of refiling are included in the computation of time).

We need not concern ourselves with whether Rule 44.01(a) supersedes section 1.040 in determining how the statute of limitations set forth in section 213.111.1 is to be computed because the statute and the Rule are consistent. Both require the conclusion that the day of issuance of Rene's right-to-sue letter should not be counted in computing the time within which Rene's MHRA petition had to be filed. *Cf. Morris* 272 S.W.3d at 442 (similarly holding that Rule 44.01(a), like section 1.040, excludes counting the last day of a computed time period if that last day falls on a Sunday requiring the conclusion that a petition was timely filed pursuant to section 213.111.1 on Monday December 31, 2007, when the ninetieth day to file the petition fell on Sunday December 30, 2007). Both section 1.040 and Rule 44.01(a) require us to conclude that Rene's petition was filed within ninety days of the issuance of her right-to-sue letter.

Without mentioning, let alone addressing, section 1.040 or Rule 44.01(a) Bell argued in its motion to dismiss, and in its reply suggestions in support of its motion to dismiss, that section 213.111.1 must be interpreted to require inclusion of the day of issuance of a right-to-sue letter in computing the ninety-day statute of limitations for filing an MHRA petition. Bell's motion to dismiss relied exclusively on *Collins* and claimed that our Supreme Court held that the ninety-day statute of limitations calculation includes the date of the MCHR's right-to-sue letter.[7] *See* 543 S.W.3d at 25-27. The trial

---

[7]Bell bolsters its reliance on *Collins* by pointing to a state and a federal trial court decision that have purportedly relied on Bell's construction of *Collins* to dismiss MHRA petitions as untimely. It is axiomatic that the trial court decisions referred to by Bell are not binding on this Court, an observation that is all the more appropriate in light of our rejection of Bell's construction of *Collins*.

court credited Bell's argument and expressly relied on *Collins* in the Judgment to hold that "the date of the [right-to-sue] letter is counted as the first day of the MHRA's [ninety]-day statute of limitations." The trial court and Bell have both misread the holding in *Collins*.

In *Collins*, an MHRA claimant received a right-to-sue letter that was dated February 18, 2016. *Id.* at 25. The claimant filed a petition asserting MHRA claims on May 19, 2016. *Id.* The defendants in the MHRA action filed motions to dismiss, claiming the petition was time-barred because it was filed ninety-one days after the right-to-sue letter was issued. *Id.* The trial court disagreed and overruled the motions to dismiss while also granting the claimant's request for leave to file an amended petition to assert common law claims of negligence and wrongful discharge. *Id.* The defendants sought writs of prohibition that were consolidated for decision. *Id.* Relevant to this case, the MHRA claimant argued that pursuant to Rule 44.01(e) her petition was timely filed because that Rule affords a party three additional days to act within a prescribed period when an action must be taken "after the service of a notice," and "the notice or paper is served by mail." *Id.* at 26. The Supreme Court rejected this argument and concluded that Rule 44.01(e) does not apply to section 213.111.1 because the ninety-day statute of limitations prescribed by section 213.111.1 is "not triggered by the service of the [right-to-sue] letter" and is instead clearly and unambiguously triggered on the date the letter is

issued independent of its service. *Id.* The Court thus found the MHRA claimant's petition to be untimely and made its preliminary writs of prohibition permanent.[8] *Id.*

Importantly, the Supreme Court in *Collins* was not asked to, and did not, address whether the day of issuance of the MHRA claimant's right-to-sue letter counted in computing the ninety-day statute of limitations prescribed by section 213.111.1. *See id.* Because the Supreme Court did not address this issue, it did not hold that the day a right-to-sue letter is issued is counted as the first day in computing the ninety-day statute of limitations in section 213.111.1. Bell and the trial court have attributed an express holding to the Supreme Court that was never made.

What the Court in *Collins* did do, however, was to explain its time computation--a time computation that was not contested by the parties. The Court observed:

> The commission's notification letter to [the MHRA claimant] was dated February 18, 2016. The notification letter twice stated the 90-day filing requirement. [The MHRA claimant] did not file her MHRA action in the circuit court until May 19, 2016 -- 91 days later. [The MHRA claimant], therefore, failed to comply with section 213.111's 90-day statute of limitations.

*Id.* Bell and the trial court appear to have extrapolated an unexpressed "ruling" from this computation by concluding that because the time frame between February 18, 2016 and May 19, 2016 is ninety-one days *if February 18, 2016 is counted* then the Supreme Court

---

[8]Though not relevant to this case, the Court also issued a permanent writ prohibiting the trial court from permitting the MHRA claimant from asserting common law claims that "are fully encompassed and comprehended by the MHRA." *Collins*, 543 S.W.3d at 28.

11

must have "held" that the day of issuance of a right-to-sue letter is counted in computing the statute of limitations under section 213.111.1. This reasoning is fatally flawed.

It is true that in most years, the number of days from February 18 through May 19 is ninety-one days *if February 18 is counted*. (February 18-28 being eleven days; March having thirty-one days; April having thirty days; and May 1-19 being nineteen days.) However, Bell and the trial court did not account for the fact that 2016 was a leap year. As a result, February of 2016 had 29 days, not 28 days. "'[A]ppellate courts take judicial notice of calendars and dates on which a particular day of the week fell.'" *State ex rel. Missouri Highway and Transp. Com'n v. Overall*, 73 S.W.3d 779, 782 (Mo. App. E.D. 2002) (quoting *Haller v. Shaw*, 555 S.W.2d 703, 704 (Mo. App. K.C. Dist. 1977)); *see also Meriwether v. Overly*, 129 S.W. 1, 6 (Mo. 1910) ("We take judicial notice of the calendar, and we know that the first Monday in November, 1897, was November 1, 1897, and that November 6, 1897, was Saturday"). When *Collins* held that the MHRA claimant filed a petition ninety-one days after issuance of her right-to-sue letter, the Supreme Court could not have been including February 18, 2016, in the computation as doing so would have required the conclusion that the MHRA claimant's petition was filed ninety-two days after the right-to-sue letter was issued. *See Collins*, 543 S.W.3d at 26.

On appeal, Bell quibbles with whether the Supreme Court appreciated that 2016 was a leap year when it issued its opinion in *Collins* in 2018. But it is Bell who bears the burden of establishing that the Supreme Court in *Collins* disregarded that 2016 was a leap year (an inalterable fact as to which appellate courts routinely take judicial notice) and failed to abide by the plain and unambiguous directives in section 1.040 and Rule

12

44.01(a) addressing the computation of time (neither of which was even mentioned, let alone addressed, in *Collins*). Bell has not sustained this burden. Simply put, *Collins* cannot be fairly or accurately read to stand for the proposition that the day of issuance of a right-to-sue letter is counted in computing the ninety-day time period within which suit must be filed pursuant to section 213.111.1. The trial court committed legal error when it relied on *Collins* to conclude that the day of issuance of Rene's right-to-sue letter had to be counted in computing the time within which her MHRA petition had to be filed and in dismissing the MHRA claims asserted in Rene's petition as time barred.

Undeterred, Bell argues on appeal that Rene's reliance on Rule 44.01(a) is foreclosed by this court's earlier decision in *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130 (Mo. App. W.D. 2003). Bell notes that *Hammond* held that "Rule 44.01 does not apply to a right-to-sue letter from the MCHR[,]" and that "Rules 41 through 101, by their terms do not apply to proceedings in administrative agencies." *Id.* at 139-40. *Hammond* grounded this conclusion on language in Rule 41.01(a) which states that Rules 41 through 101 govern civil actions that are *pending* before the Supreme Court, a court of appeals, a circuit judge, or an associate circuit judge acting as a circuit judge. *Id.* at 139 (citing Rule 41.01(a)). Ironically, *Hammond* was addressing the same issue that was before the Supreme Court in *Collins*--whether Rule 44.01(e) applies to extend by three days the time to file a petition after the issuance of a right-to-sue letter to account for the time it takes to receive a notice that has been mailed. *See Collin*s, 543 S.W.3d at 26; *and Hammond*, 117 S.W.3d at 139-40. *Hammond* (which was decided fifteen years before *Collins*) resolved this issue by reaching the sweeping conclusion that *none* of the Rules of

13

Civil Procedure (including rule 44.01(e)) apply to proceedings in administrative agencies including the issuance of right-to sue letters. *See* 117 S.W.3d at 139.

*Collins* could easily have embraced the holding in *Hammond* to similarly conclude that because the Rules of Civil Procedure do not apply to proceedings in administrative agencies, Rule 44.01(e) does not apply to compute the time to file suit after issuance of a right-to-sue letter. Importantly, our Supreme Court did not do so. Instead, the Supreme Court addressed the merits and determined that because the statute of limitations described in section 213.111.1 is not triggered by "service" of a right-to-sue letter and is instead triggered by "issuance" of a right-to-sue letter, Rule 44.01(e), which extends the time to perform an act that is triggered by "service" of a notice that has been mailed, is simply not relevant. *See Collins*, 543 S.W.3d at 26. *Collins's* sub silentio disregard of *Hammond* is noteworthy particularly in light of the fact that in 2008 the Eastern District in *Morris* persuasively challenged (and refused to follow) *Hammond* noting that it was inconsistent with earlier Supreme Court precedent. *Morris*, 272 S.W.3d at 442-43. Specifically, *Morris* observed that in *Bowling v. Webb Gas Co., Inc. of Lebanon*, 505 S.W.2d 39, 42 (Mo. 1974), our Supreme Court held that "'the applicable provisions of Rule 44.01(a) should be construed as applying to statutory limitation periods within which suits must be filed[.]'" *Morris*, 272 S.W.3d at 443 (citation omitted). *Hammond's* conclusion that Rule 44.01 only applies to civil actions that are already *pending* in a court would necessarily require the conclusion that Rule 44.01(a) has no relevance in computing the statute of limitations in *all* civil actions (whether or not filed in response to an administrative proceeding) as in every case the timeliness of *initiating* a civil action is

14

computed based on events that occur before a civil action is *pending*. Plainly, the holding in *Hammond* is difficult, if not impossible, to reconcile with the holding in *Bowling*.[9]

We thus conclude that this court's holding in *Hammond* is suspect at least insofar as it would operate to foreclose the application of Rule 44.01(a) to computing the time within which suits must be filed following issuance of a right-to-sue letter. Even if we were to rely on *Hammond* to conclude that Rule 44.01(a) does not apply to computing the statute of limitations in section 213.111.1 (which we are not inclined to do) that conclusion would not alter the fact that section 1.040 applies to computation of the statute of limitations in section 213.111.1.[10] Bell has never articulated any argument, let alone a

---

[9]We are aware that in Missouri Practice volume 12 section 7:217, *Springfield Park Central Hosp. v. Director of Revenue*, 643 S.W.2d 599 (Mo. 1983) is cited in support of the proposition that "Rule 44.01 is not applicable to administrative proceedings." 12 MICHAEL D. MURRAY, MISSOURI PRACTICE: JURISDICTION VENUE LIMITATIONS section 7:217, at 192 n.7 (3rd ed. 2023). That attributed holding is correct if properly read to apply only where review is sought in an administrative agency following an initial decision reached by another administrative agency. *Springfield Park*, 643 S.W.2d at 600 (holding that Rule 44.01 did not apply to determine the timeliness of a petition for review filed with the Administrative Hearing Commission following a decision by the Director of Revenue as the Rule "applies to civil actions in judicial courts and is not applicable to administrative proceedings"). It would be a mistake, however, to read *Springfield Park* to apply to computing the timeliness of civil actions filed in judicial courts, whether or not from administrative proceedings, as that is the scenario controlled by the holding in *Bowling*.

[10]Though not raised by any party, we also note that similar to section 1.040, section 506.060.1 provides that:

> [i]n computing any period of time prescribed or allowed by this code [referring to "The Civil Code of Missouri"], by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday . . . .

In *Bowling*, the Supreme Court addressed the alignment of section 506.060.1 with Rule 44.01(a), before rejecting the argument that "rules such as 44.01 apply only to

15

reasoned one, for disregarding the plain language of section 1.040 which directs, as we have explained, that "[t]he time within which an act is to be done shall be computed *by excluding the first day and including the last*."  (Emphasis added.)

The trial court committed legal error when it dismissed with prejudice the MHRA claims asserted in Counts I through VI of Rene's petition on the basis that Rene's petition was untimely filed ninety-one days after the MHRA issued Rene's right-to-sue letter.

Point One is granted.

---

proceedings occurring after a suit is filed and not to limitations statues" and holding instead that "the applicable provisions of Rule 44.01(a) should be construed as applying to statutory limitation periods within which suits must be filed, as well as to procedures occurring after suit is filed."  505 S.W.2d at 41-42.  As explained, *supra*, the holding in *Bowling* cannot be reconciled with the holding in *Hammond*.  But, if *Hammond* remains controlling (which we question) then it would follow that Rule 44.01(a) does not "supersede" section 506.060.1 and section 506.060.1 would provide yet another basis for concluding that Rene's petition was timely filed.  *But see* MICHAEL D. MURRAY, *supra* note 9, at 191 ("Though still on the books [section] 506.060, which sets the time period for activities under the Civil Code, court orders, and 'any applicable statute,' has probably been superseded by the enactment of Supreme Court rules governing civil procedure.  There are no recent cases discussing the application of [section] 506.060.").

**Conclusion**

The Judgment's dismissal with prejudice of the MHRA claims set forth in Counts I through VI of Rene's petition is reversed. This matter is remanded for further proceedings on those claims. The Judgment's dismissal without prejudice of Count VII of Rene's petition (the Missouri Service letter claim) is not before this Court and remains in force and effect, subject to Rene's ability to seek leave to amend her petition in an effort to sufficiently plead that claim on remand.

_____
Cynthia L. Martin, Judge

All concur

17